**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1991**

———————

KIRIL GEORGIEV VUKOV,

                                                    Petitioner,

     versus

ALBERTO R. GONZALES, Attorney General,

                                                    Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-243-363)

———————

Submitted: March 25, 2005            Decided: April 6, 2005

———————

Before WILKINSON, LUTTIG, and SHEDD, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Nicolette Glazer, LAW OFFICES OF LARRY R. GLAZER, Century City, California, for Petitioner. Peter D. Keisler, Assistant Attorney General, Margaret Perry, Senior Litigation Counsel, Matthew B. Berry, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kiril G. Vukov, a native and citizen of Bulgaria, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

The Board's determination that an alien is not eligible for asylum must be upheld unless that determination was "manifestly contrary to law." 8 U.S.C. § 1252(b)(4)(C) (2000). We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).

We have reviewed the administrative record, the immigration judge's decision, and the Board's order and find substantial evidence supports the conclusion that Vukov failed to establish that he suffered past persecution or has a well-founded fear of future persecution on account of his membership in a particular social group. See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish eligibility for asylum); Elias-Zacarias, 502 U.S. at 483 (same). We find we lack jurisdiction to consider Vukov's argument that he meets the requirements for asylum on account of his political opinion. See

8 U.S.C. § 1252(d)(1) (2000); <u>Asika v. Ashcroft</u>, 362 F.3d 264, 267 n.3 (4th Cir. 2004).

Next, we uphold the Board's denial of Vukov's application for withholding of removal. The standard for withholding of removal is "more stringent than that for asylum eligibility." <u>Chen v. INS</u>, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 430 (1987). As Vukov failed to establish refugee status, he cannot satisfy the higher standard necessary for withholding.

Furthermore, we conclude substantial evidence supports the determination that Vukov did not establish it was more likely than not that he would be tortured if removed to Bulgaria, <u>see</u> 8 C.F.R. § 1208.16(c)(2) (2004), and thus, that Vukov's petition for protection under the CAT was properly denied. Finally, we conclude Vukov's due process claims are without merit because he has failed to demonstrate any prejudice. <u>See</u> <u>Rusu v. INS</u>, 296 F.3d 316, 320 (4th Cir. 2002).

Accordingly, we deny Vukov's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

- 3 -